IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DELROY GEORGE FOSTER                                                    PETITIONER
ADC #138153

V.                              5:15-cv-00059-BRW-JTK

WENDY KELLEY, Director,                                                 RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Delroy Foster, an inmate at the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus (Doc. No. 2), pursuant to 28 U.S.C. § 2254. For the following reasons, the Court recommends the district court deny Mr. Foster's petition.

I.    PROCEDURAL HISTORY

On January 25, 2007, a Crawford County, Arkansas, jury found Mr. Foster guilty of possession of one hundred pounds of marijuana or more with the intent to deliver and possession of drug paraphernalia. (Doc. No. 9, Ex. B, at 55-56.) The jury sentenced Mr. Foster to an aggregate sentence of thirty-five years. (*Id.* at 67-68.) On February 9, 2007,

the Crawford County Circuit Court filed Mr. Foster's Judgment and Commitment Order. (*Id.*).

On April 16, 2007, Mr. Foster filed a notice of appeal, appealing his guilty verdict. (*Id.* at 77.) In his appeal, Mr. Foster argued that the trial court erred in limiting the cross-examination of his co-defendant regarding her motive to fabricate testimony, and in denying his motion for a new trial after the co-defendant received a ten-year sentence in a plea agreement after Mr. Foster's trial. (*Id.* at Ex. D, at vi.) On September 3, 2008, the Arkansas Court of Appeals affirmed Mr. Foster's conviction. (Doc. No. 9-2 at 1.)

On September 17, 2014, Mr. Foster filed a petition for a writ of habeas corpus in the Lincoln County Circuit Court. (Doc. 9-3 at 1.) He claimed that "his conviction should be declared void because his attorney was ineffective, the trial court committed errors, and that there was insufficient evidence to support a conviction." (*Id.*). On October 22, 2014, the court denied Mr. Foster's claim because he either addressed these claims on direct appeal or should have addressed them in a timely petition for post-conviction relief. (*Id.* at 3.)

On February 24, 2015, Mr. Foster filed this petition for a writ of habeas corpus. (Doc. No. 2.) On May 15, 2015, the Director of the ADC ("Director") filed her response, asking the Court to deny Mr. Foster's petition. (Doc. No. 9.) On July 16, 2015, Mr. Foster filed a reply brief. (Doc. No. 14.)

II.    STANDARD OF REVIEW

A district court has jurisdiction to entertain a petition for a writ of habeas corpus on behalf of a prisoner in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the petition for a writ of habeas corpus within one year after the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" unless one of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed application for State post-conviction relief or other collateral review is pending, the time "shall not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A tenable actual innocence claim is also not barred by the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct 1924, 1928 (2013). To prove actual innocence, a petitioner would have to prove that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The new evidence must be

"reliable" and "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

III. ANALYSIS

In his petition, Mr. Foster alleges two grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and present him with an effective defense, and (2) ineffective assistance of appellate counsel because his appellate counsel was the same as his trial counsel and therefore he could not present his ineffective assistance of trial counsel claims on appeal or in a petition for post-conviction relief. (Doc. No. 2 at 5-6.)

Here, Mr. Foster's petition is not timely. The court of appeals filed its judgment on September 3, 2008. From that date, Mr. Foster had eighteen days to petition to the Arkansas Supreme Court for discretionary review. Ark. R. Sup. Ct. 2-4(a). After the eighteen days, the statute of limitations to file a federal habeas petition began running. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015). Therefore, Mr. Foster had until September 22, 2009, to file his petition for a writ of habeas corpus. He did not do so until February 24, 2015, making his petition untimely. Mr. Foster does not allege that any of the statutory exceptions apply to his petition.

Mr. Foster's petition is not entitled to equitable tolling. Mr. Foster's only argument for equitable tolling is that his attorney did not do enough work for him. (Doc. No. 14 at 13-14.) Mr. Foster is not represented by counsel in this action, so the Court construes this argument as arguing that his attorney did not tell him that he had to file

a federal habeas petition within one year. However, a habeas petitioner is not entitled to any sort of legal help. *McCleskey v. Zant*, 499 U.S. 467, 495 (1987). Additionally, even if this was an "extraordinary circumstance" that prevented the timely filing of his petition, there is no evidence that Mr. Foster has been pursuing his rights diligently. Instead, after the court of appeals denied his appeal in September 2009, Mr. Foster did not file anything in any court until his state habeas petition in 2014–well after the statute of limitations for this action had expired. Therefore, Mr. Foster is not entitled to equitable tolling.

Mr. Foster also argues that the statute of limitations does not bar his petition because he is actually innocent. (Doc. No. 14 at 14-33.) Mr. Foster contends that he flew from New York to Phoenix, Arizona, for an interview with the Corps of Engineers. (Doc. No. 2 at 14.) The next day, Katherine Burgos–Mr. Foster's girlfriend–also flew to Phoenix. (*Id.*). When she arrived, her sister, her sister's boyfriend, and another individual named "Danny" went to the airport and rented a vehicle to pick up Ms. Burgos from the airport. (*Id.*). Mr. Foster contends that later that day, everyone except Ms. Burgos and himself went to a strip club, where the drug transaction likely took place without his knowledge. (*Id.*). He was then driving back to New York in the car with Ms. Burgos when the Arkansas State Police in Crawford County stopped his car for speeding. (*Id.*). The police found 200 pounds of marijuana and drug paraphernalia in the car. (*Id.*).

Mr. Foster's actual innocence claim does not excuse his petition's untimeliness.

All of the evidence Mr. Foster presents to prove his innocence was available at trial, and he presented much of it at trial. (Doc. No. 9, Ex. B, at 203-12.) Since the evidence was available at trial, Mr. Foster's actual innocence claim does not excuse his petition's untimeliness.

IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Foster has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

V.      CONCLUSION

Mr. Foster's petition for writ of habeas corpus (Doc. No. 2) is not timely and should be denied, dismissing this action in its entirety with prejudice. The district court should not issue a certificate of appealability.

IT IS SO ORDERED this 11th day of September, 2015.

_____
United States Magistrate Judge